UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

    v.                                        Case No. 1:22-cr-00096-7-CKK

D1, CALVIN ZASTROW
D2, CHESTER GALLAGHER
D3, HEATHER IDONI
D4, CAROLINE DAVIS
D5, JOEL CURRY
D6, JUSTIN PHILLIPS
D7, EVA EDL
D8, EVA ZASTROW

        Defendants.
_____/

### DEFENDANT'S PROPOSED INSTRUCTION ON DEFENSE OF A THIRD PERSON PURSUANT TO DISTRICT OF COLUMBIA STANDARD INSTRUCTION 9.510

Every person has the right to use a reasonable amount of force in defense of another person, if: (1) they actually believe the other person is in imminent danger of bodily harm, and if; (2) they have reasonable grounds for that belief. The question is not whether looking back on the incident you believe the use of force was necessary. The question is whether Heather Idoni under the circumstances as

they appeared to her at the time of the incident, actually believed that the person she was seeking to defend was in danger of bodily harm, and could reasonably hold that belief. Heather Idoni has testified based upon her knowledge and belief that the unborn children of the mothers going into the clinic on the day in question were legal persons.

Even if Heather Idoni was justified in using force and defense of another person, she would not be entitled to use any greater force, than she had reasonable grounds to believe and actually did believe to be necessary under the circumstances to save other person's life or avert serious bodily harm.

Heather Idoni is not required to prove that she acted in the defense of another person.

If evidence of defense of another person is presented the government must prove beyond a reasonable doubt that Heather Idoni did not act on the defense of another person. On the other hand, if the government has proved beyond a reasonable doubt that Heather Idoni did not act in defense of another person, then you may convict Defendant of either or both of the charged defenses if you believe the evidence convinces you beyond a reasonable doubt.

This proposed revised instruction under District of Columbia Circuit Court Instruction 9.510 is supported by the authority in <u>Fessner v United States</u>, 482 (A)

2nd 387, (DC Circuit Court 1984); <u>Jones v United States</u>, 335 (A) 2nd 1024 (DC Circuit 1989); <u>Graves v United States</u>, 554 (A) 2nd 1045 (DC Circuit 1989).

Dated:  July 12, 2023                    Respectfully submitted,

   /s/ ROBERT J. DUNN, P33726
ROBERT J. DUNN, P33726
Attorney for Defendant
1413 Center Avenue
Bay City, Michigan  48708
989-894-1110

## CERTIFICATE OF SERVICE

I hereby certify that Defendant's Proposed Instruction on Defense of a Third Person Pursuant to District of Columbia Standard Instruction 9.510 with Attached Affidavit was electronically filed on this date with the Clerk of the Court and all the parties of the case by Robert J. Dunn's office, Attorney for Defendant and emailed to Heather Idoni.

DATED:  July 1, 2023                    /s/CYNTHIA L. EIGNER_____
CYNTHIA L. EIGNER
Legal Assistant to Robert J. Dunn

UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

     v.                                      Case No. 1:22-cr-00096-7-CKK

D1, CALVIN ZASTROW
D2, CHESTER GALLAGHER
D3, HEATHER IDONI
D4, CAROLINE DAVIS
D5, JOEL CURRY
D6, JUSTIN PHILLIPS
D7, EVA EDL
D8, EVA ZASTROW

        Defendants.
_____/

## AFFIDAVIT IN SUPPORT OF DEFENDANT'S PROPOSED INSTRUCTION ON DEFENSE OF A THIRD PERSON

STATE OF MICHIGAN        )
                                 ) -ss-
COUNTY OF BAY            )

      AFFIANT, HEATHER IDONI, deposes and says:

Affiant deposes as follows:

1. That on October 22, 2020 she was at the abortion clinic in the District of Columbia and she was ultimately arrested leading to the charges in this case.

2. That she was at the clinic as a matter of conscience based on deeply held religious beliefs, but also believe that based on science, unborn children contained within the women entering the clinic are legal persons.

3. That she has been advised by her counsel that she has a constitutional right under the Fifth Amendment of the Constitution to refrain from testifying at her trial.

4. That after being so informed, and considering the matter, she has decided that she will testify and explain to the jury that she was at the abortion clinic, for the purpose of praying and attempting to verbally dissuade the women from destroying their unborn children that she reasonably believed were legal persons based on her information, belief and research into the matter. . That she will intend to testify that she believes unborn children are legal persons.

5. That she intends to testify that she believes unborn children are legal persons from the point of conception, and also because within one month after conception, science indicates that the children have a heartbeat and brain waves. She will also testify that based upon her information and belief the women coming into these clinics for abortions do so after the first month after conception.

Dated:  July 12, 2023

_____
HEATHER IDONI

Further deponent sayeth not.

STATE OF MICHIGAN )
) -ss-
COUNTY OF BAY )

    The foregoing instrument was acknowledged before me on this 12th day of July, 2023 by HEATHER IDONI to me known to be the person described in and who executed said instrument.

                                        s/Cynthia L. Eigner_____
                                      CYNTHIA L. EIGNER, Notary Public
                                      Bay County, Michigan
                                      My Commission Expires:  3/03/2029