UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAULA "PAULETTE" HARLOW, *et al.*,<br><br>Defendants. | Crim. A. No. 22-096-4, -7, -8, -10 (CKK) |

AMENDED[1] MEMORANDUM OPINION
(July 24, 2023)

Defendants are charged by indictment with effecting a conspiracy to prevent patients from accessing a reproductive health clinic in the District of Columbia and injuring an employee of the clinic in the process. Defendant Idoni, joined by Defendants Harlow, Goodman, and Geraghty, have moved to dismiss the operative indictment. Defendants appear to argue that they have been selectively prosecuted in violation of the Fifth Amendment and that Count One is unconstitutional as applied. Each argument fails. Accordingly, upon consideration of the briefing,[2] the relevant legal authorities, and the entire record, the Court shall **DENY** Defendants' [215] Motion to Dismiss.

---

[1] In the [297] Memorandum Opinion, the Court incorrectly characterized Defendants' argument regarding overcharging. Defendants argue that the Government impermissibly charged a felony conspiracy pursuant to 18 U.S.C. § 241, not that the Government impermissibly charged a felony violation of the FACE Act. The mischaracterization does not impact the Court's conclusion on the issue.

[2] The Court's consideration has focused on:
- Defendant Idoni's Motion to Dismiss, ECF No. 215 ("Motion" or "Mot.");
- The Government's Response in Opposition to Defendant's Motion to Dismiss, ECF No. 223 ("Opp.");
- Defendant Geraghty's Reply to Government's Opposition to Motion to Dismiss, ECF No. 235; and
- The Superseding Indictment, ECF No. 113 ("Indictment").

In an exercise of its discretion, the Court has concluded that oral argument would not be helpful in the resolution of the Motion.

I.     BACKGROUND

Defendants are charged by indictment with: (1) conspiracy against rights (i.e., a statutory right to access a reproductive health clinic to receive or provide reproductive health services), in violation of 18 U.S.C. § 241, and (2) a misdemeanor violation of the Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248.

The Indictment centers on Defendants' successful scheme to disrupt access to a reproductive health clinic in this District of Columbia on October 22, 2020. Indictment at 5. The Indictment alleges that Defendant Handy orchestrated this conspiracy, directing her co-Defendants to undertake various preparations to blockade the clinic. *Id.* For example, Defendant Harlow allegedly brought with her a duffle bag containing chain and rope, which Defendants Smith, Harlow, Marshall, Hinshaw, and Bell used to lock the clinic's doors. *Id.* at 6. For her part, Defendant Handy allegedly made an appointment at the clinic under a false name in order to ensure her entry and her co-conspirators shortly thereafter. *See id.* at 4. According to the Indictment, at least Defendant Smith's entry was particularly violent, causing a nurse "to stumble and break her ankle." *Id.* at 5. Defendant Handy then purportedly directed others to blockade the clinic's doors, locking staff in and potential patients out. *See id.* at 5-6. In particular, Defendants Goodman and Idoni allegedly "blocked [a] [p]atient from entering the [c]linic." *Id.* at 6. Meanwhile, Defendant Darnel live-streamed the incursion, telling listeners that he and co-conspirators had "intervene[d] physically with their bodies to prevent women from entering the clinic[.]" *Id.*

At the time of the alleged conspiracy, Supreme Court precedent continued to recognize a constitutional right to abortion under certain circumstances. Last year, however, the Court held that the Fourteenth Amendment contained no right to abortion. *See Dobbs*, 142 S. Ct. 2228, 2279

(2022). Relying on *Dobbs*, Defendant Handy moved to dismiss the indictment for lack of jurisdiction, arguing that *Dobbs*' holding further precluded any federal regulation of conduct outside of facilities that provide, among other things, abortion services. The Court has ordered limited, supplemental briefing for that motion, which remains pending before the Court. The Court resolves Defendant Idoni's [215] Motion to Dismiss, joined by Defendants Harlow, Goodman, and Geraghty, in this memorandum opinion.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 12(b)(3), a criminal defendant may, before trial, move to dismiss a count of the indictment based on a "selective or vindictive prosecution" or a "defect in the indictment." *Id.* (b)(3)(A)(iv), (3)(B). As relevant here, defects include "failure to state an offense." *Id.* "Failure to state an offense" may be due to a question of statutory interpretation or a constitutional issue. *See United States v. Stone*, 394 F. Supp. 3d 1, 8 (D.D.C. 2019). When considering a challenge to the indictment, "a district court is limited to reviewing the face of the indictment;" the Court must "presume the allegations [in the] indictment to be true." *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (internal quotation marks removed). "The operative question is whether [those] allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *United States v. Sanford Ltd.*, 859 F. Supp. 2d 102, 107 (D.D.C. 2012).

## III.    DISCUSSION

### A. Selective Prosecution

Defendants first argue that the Government has selectively prosecuted them in violation of the Due Process Clause of the Fifth Amendment. The Court must attach a "presumption of regularity" to the Government's charging decisions. *See United States v. Armstrong*, 517 U.S.

456, 464 (1996). A prosecutor's discretion, however, is subject to constitutional limits. *Id.* "In order to dispel the presumption that a prosecutor has not violated [the guarantee of] equal protection, a criminal defendant must present 'clear evidence to the contrary.'" *Id.* at 465 (quoting *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926)). In other words, the defendant must "show both (1) that he was singled out for prosecution from others similarly situated and (2) that his prosecution was motivated by a discriminatory purpose." *United States v. Khanu*, 664 F. Supp. 2d 28, 31 (D.D.C. 2009) (CKK). "[T]h[is] standard is a demanding one." *Armstrong*, 517 U.S. at 463. Defendants' argument fails on both counts.

Defendants maintain that "this entire case was undertaken for an improper motive, as retaliation for the Supreme Court's overruling *Roe v[.] Wade* and *Planned Parenthood v[.] Casey* in the *Dobbs* case." Mot. at 3. As a threshold matter, the Government could not have instituted this case as a response to the Court's decision in *Dobbs*, because the initial indictment in this case was filed March 24, 2023, prior to the Court's decision in *Dobbs* (issued June 24, 2022). Even were the factual premise to stand, Defendants offer no evidence, much less "clear evidence," that the Government's prosecutorial priorities are constitutionally suspect. *See Khanu*, 664 F. Supp. 2d at 31. Mere speculation will not do. *United States v. Michel*, Crim. A. No. 19-148-1 (CKK), 2022 WL 4182342, at *6 (D.D.C. Sept. 13, 2022). Nor do Defendants make any effort to identify a similarly situated group compared to which they were treated differently. Even had they, "[i]t is irrelevant whether, in practice, most of those prosecuted under FACE are anti-abortion protestors," because a "group cannot obtain constitutional immunity from prosecution by violating a statute more frequently than any other group." *See United States v. Westin*, 156 F.3d 292, 297 (2d Cir. 1998) (internal quotation marks omitted). As such, Defendants' selective prosecution argument must fail. *See Stone*, 394 F. Supp. 3d at 31.

### B. First Amendment

Defendants next argue that the FACE Act violates the Free Speech Clause. Mot. at 13. This argument is decidedly foreclosed by clear appellate precedent, *Terry v. Reno*, 101 F.3d 1412, 1418-19 (D.C. Cir. 1996), a case that Defendants make no effort to distinguish. Although Defendants briefly invoke *Dobbs*, as the Court explained in its most recent opinion, the question presented in that case addressed exclusively Section 1 of the Fourteenth Amendment. The Free Speech Clause is mentioned nowhere in the majority opinion, the concurrences, or even in the dissent. At its broadest, the sole "issue before th[e] Court [in *Dobbs*] [was] what the Constitution says about abortion[,]" and not what the Constitution says about any other clause. *See Dobbs*, 142 S.Ct. at 2304 (Kavanaugh, J., concurring). Furthermore, *Dobbs* leaves undisturbed, at present, all other constitutional rights, even those found in a substantive due process right to privacy. *See id.* at 2243. Because *Terry* remains good law, the Court is bound to apply it. Therefore, Defendants' First Amendment challenge fails.

### C. Overcharging

Defendants next argue that the indictment should be dismissed because the Government has charged a felony conspiracy predicated on a misdemeanor violation of the FACE Act, which, Defendants maintain, is contrary to Congressional intent. Assuming so *arguendo*, Congressional intent is largely a *non sequitur*, for "whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecution's] discretion." *United States v. Armstrong*, 517 U.S. at 464 (internal quotation marks omitted). After all, "prosecution of crimes is a quintessentially executive function," *Morrison v. Olson*, 487 U.S. 654, 706 (1988) (Scalia, J., dissenting), demanding that prosecutorial discretion be "relatively untrammeled" by both the Legislative and the Judiciary, *see United States v. Torquato*, 602 F.2d 564, 569 (3d Cir. 1979).

Moreover, "'[i]t is not unusual for a particular act to violate more than one criminal statute, and in such situations the Government may proceed *under any statute that applies.*'" *United States v. Grider*, 585 F. Supp. 3d 21, 32 (D.D.C. 2022) (emphasis added) (quoting *United States v. Aguilar*, 515 U.S. 593, 616 (1995) (Scalia, J., concurring in part and dissenting in part)).  Insofar as Defendants have demonstrated neither vindictive nor selective prosecution, the Court must reject this challenge as well.

### D. Fourteenth Amendment

Defendants' last argument is somewhat more difficult to parse.  It appears that Defendants maintain that the Fourteenth Amendment attaches a life or liberty interest to a fetus, and therefore the FACE Act is unconstitutional insofar as it prevents private citizens from interfering with a private clinic that terminates a fetus.  *See* Mot. at 6.  As an initial matter, no court has yet to hold that a fetus is due constitutional protections.  The Court need not even address the question, however, for this case concerns not the constitutionality of reproductive health services, but rather the obstruction of services that are lawful under state and federal law.  Assuming such a life or liberty interest *arguendo*, Defendants actually argue that they should be immune from criminal liability in order to take the enforcement of a constitutional provision into their own hands.  That is vigilantism, which the law does not permit.  *Cf. United States v. Zeese*, 437 F. Supp. 3d 86, 100 (D.D.C. 2020) ("Considered disagreement with a legal duty embodied in the criminal law is not a defense to a charged criminal violation[.]"); *Goldfuss v. Davidson*, 679 N.E. 2d 1099, 1104 (Ohio 1997) ("The law should not encourage [and has not encouraged] vigilantism.").  As the caselaw addressing the FACE Act explains, the remedy to protect the purported rights of a fetus comes through the ballot box or peaceful protest, not through rope and chain.  *See United States v. Gregg*, 226 F.3d 253, 267-78 (3d Cir. 2000); *Terry*, 101 F.3d at 1420.  As such, this last challenge fails.

## IV. CONCLUSION

For the foregoing reasons, Defendants' [215] Motion to Dismiss is **DENIED**. An appropriate order accompanies this memorandum opinion.

Dated: July 24, 2023

                                              /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge