UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>HEATHER IDONI,<br><br>    Defendant. | Criminal Action No. 22-096-7 (CKK) |

**ORDER**
(August 7, 2023)

      Before the Court is Defendant's [332] Motion in Limine to Strike Government Witness ("Motion" or "Mot."). Defendant has moved to preclude testimony by Government witness Caroline Davis ("Ms. Davis") against Defendant at trial. Defense counsel states that he represented Ms. Davis in another case, *Sterling Heights v. Davis*, Case No. 2020-SH-229396-OM (Mich. Dist. Ct. 41A). That case charged both Caroline Davis and Defendant Idoni, respectively, with violating a local trespassing ordinance in connection with an alleged effort to obstruct services at a Michigan reproductive health clinic. *See* Op. and Order at 1, *Sterling Heights v. Zastrow*, Case No. 2021-0365-AV (Mich. 16th Cir. Ct. Mar 21, 2022) (slip op.). According to the public docket, that case has since been closed, Ms. Davis having satisfied her sentence of a $150 fine.

      Federal charges for the same conduct at issue in the state case were also filed against, among others, Ms. Davis and Defendant. *See* Indictment, ECF No. 1, *United States v. Zastrow*, No. 2:23-cr-20100 (E.D. Mich. Feb. 15, 2023). The federal case remains pending, in which Ms. Davis is represented by different counsel. Defendant has elected to proceed *pro se* in that case.

      Here, the Government represents that Ms. Davis is an unindicted co-conspirator. Although she therefore had a Fifth Amendment right to forgo testimony, the Government has indicated that she has agreed to plead guilty in the Michigan federal matter, a condition of which is to waive any such rights in this matter and testify on behalf of the Government. *See* ECF No. 334 at 1. Ms. Davis' current counsel has also confirmed that Ms. Davis waives any ethical issues that may be presented by testifying in this case. ECF No. 343-1 at 1. Nevertheless, and without citing to any particular authority, defense counsel in this case argues that cross-examining Ms. Davis would violate his ethical obligations to Ms. Davis as his former client. Not so.

      Although defense counsel vaguely references the Michigan Rules of Professional Conduct, Mot. at 2, ethical questions in this case are governed by the District of Columbia Rules of Professional Conduct, *see Steinbech v. Cutler*, 463 F. Supp. 2d 4, 7 (D.D.C. 2006) (Facciola,

1

M.J.). Because the Michigan state case is now closed, the Court must apply Rule 1.9, which provides that:

> [a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent.

*Paul v. Judicial Watch, inc.*, 571 F. Supp. 2d 17, 20 (D.D.C. 2008). As a threshold matter, the Court would be hard-pressed to conclude that defense counsel's representation of Ms. Davis in a matter arising from an entirely distinct set of facts and in another state could be "substantially related" to this case. *See U.S. Soccer Fed'n Found., Inc. v. U.S. Soccer Fed'n, Inc.*, Civ. A. No. 18-2856 (TJK), 2019 WL 4673718, at *4 (D.D.C. Sept. 25, 2019) (plaintiff's counsel representation of defendant in registration of earlier trademarks did not preclude affirmative suit against defendant as to later trademarks); *cf. also Cmte. for Wash.'s Riverfront Parks v. Thompson*, 451 A.2d 1177, 1188 (D.C. 1982) (noting that a "matter" in litigation context is usually a case predicated on the same facts providing for similar relief).

Even if this case and the Michigan state case were "substantially related" for the purposes of Rule 1.9, Ms. Davis' current counsel makes clear that she has waived any conflict. That is the beginning and the end of the matter. Nevertheless, and for the avoidance of doubt, the Court will direct the Government to file a sworn affidavit from Ms. Davis' current counsel, in addition to a sworn waiver from Ms. Davis herself.

Accordingly, and for the foregoing reasons, it is hereby

**ORDERED**, that Defendant's [332] Motion in Limine to Strike Government Witness is **DENIED**. It is further

**ORDERED**, that, on or before **August 11, 2023**, the Government shall file (1) a sworn affidavit from Ms. Davis' current counsel confirming that Ms. Davis waives any purported conflict between defense counsel's prior representation of Ms. Davis and defense counsel's current representation of Defendant here, and (2) a sworn declaration executed by Ms. Davis attesting to this waiver and demonstrating informed consent.

**SO ORDERED**.

**Dated:** August 7, 2023

                                                                     /s/
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge