UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

      v.                       Case No. 1:22-cr-00096-7-CKK

LAUREN HANDY
JONATHAN DARNEL
JAY SMITH (AKA JUANITO PICHARDO)
PAULA "PAULETTE" HARLOW
JEAN MARSHALL
JOHN HINSHAW
HEATHER IDONI
WILLIAM GOODMAN and
JOAN BELL, and
HERB GERAGHTY

      Defendants.
_____/

## DEFENDANT, HEATHER IDONI'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER BANNING DEFENSES AFTER REVIEWING AUTHORITIES CITED BY THE COURT & BRIEF IN SUPPORT

NOW COMES Defendant, Heather Idoni and Robert J. Dunn, her counsel, and hereby state in their motion the following:

After being provided this Court's August 7 Order on August 14, 2023 Defendant, Heather Idoni, hereby moves for this Court to reconsider that order barring Defendants' use of the common law defense of others and the statutory defense, as submitted in its proposed instruction, which is provided by the FACE ACT section 128 for reasons stated in the accompanying brief. Without a laptop and printer since he arrived in

Washington, D.C. on August 7, this Counsel did not see the Court's August 7 order until the clerk of the court graciously provided him with copies of all orders issued by the court since August 7 and this was done on August 14.

## BRIEF IN SUPPORT

That this court has not resolved the issue with the August 7 order because it did not in its order address the arguments the defense has based on a pattern instruction under the DC circuit pattern instructions 9.510 and the three cases decided in support thereof.

Instead, the cases cited in the court's order dealt primarily with the necessity duress defenses this counsel has never raised. The necessity defense as an additional element of no reasonable alternative available, and the duress defense deals with physical coercion to cause someone to commit an offense. Neither of which apply here.

The Bailey case cited by the Court was a prison escape situation which had nothing to do with the defense of others

The Taylor case cited by the court actually supports the Defendants' claim for the defense of others. As this Court correctly pointed out from Taylor, "Imminence" of the danger is required to be shown. That is easily shown by the testimony of scheduled abortions of the unborn babies that day. Citing Rhodes v. US, 354 A.2d 863 (1976) Taylor held that Defendants are entitled to the instruction on the defense of others if there was any evidence fairly tending to bear upon the issue, however, weak. Thus, even if the Court believes that Heather Idoni's contention she was defending another person by trying to help prevent abortions she would still be entitled to the defense. As

<u>Taylor</u>, held, citing <u>Rhodes</u>, a Defendant's testimony would be sufficient to support the requested instruction if at least some evidence is contained in the testimony which establishes the theory of the defense advocated. It is for that purpose that this Counsel submitted an affidavit of Heather Idoni in Support of its proposed instruction the three cases cited by Idoni from the DC Circuit hold that the emphasis in the inquiry needs to be on or beyond whether or not the Defendant had a reasonable belief that they were lacking to defend another person.

It is for this reason that this counsel has advocated that that this Court hold a hearing, interrupting the trial, to give the Defendant an opportunity to show why her belief that unborn children are persons is reasonably based on what we now know based on medical science.

Dated:  August 18, 2023

Respectfully submitted,
  /s/ ROBERT J. DUNN, P33726
ROBERT J. DUNN, P33726
Attorney for Defendant
1413 Center Avenue
Bay City, Michigan  48708
rjdunn928@yahoo.com
989-894-1110

## CERTIFICATE OF SERVICE

I hereby certify that Defendant Heather Idoni's Motion for Reconsideration of the Court's Order Banning Defenses After Reviewing Authorities Cited by the Court and Certificate of Service was electronically filed on this date with the Clerk of the Court and all the parties of the case by Robert J. Dunn's office, Attorney for Defendant and emailed to Heather Idoni.

Dated:  August 18, 2023

/s/CYNTHIA L. EIGNER
CYNTHIA L. EIGNER
Legal Assistant to Robert J. Dunn