UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA


    v.                             Case No. 1:22-cr-00096-7-CKK


LAUREN HANDY
JONATHAN DARNEL
JAY SMITH (AKA JUANITO PICHARDO)
PAULA "PAULETTE" HARLOW
JEAN MARSHALL
JOHN HINSHAW
HEATHER IDONI
WILLIAM GOODMAN and
JOAN BELL, and
HERB GERAGHTY

       Defendants.
_____/


## DEFENDANT, HEATHER IDONI'S SENTENCING MEMORANDUM


## I.  PERSONAL FAMILY HISTORY

       Heather Idoni stands before the Court for sentencing for a jury trial based on a conviction for the felony offense of Conspiracy Against Rights, 18 USC Section 241, and a misdemeanor violation under the FACE Act, 18 USC Section 248. Her bond was revoked on the motion by the government at the conclusion of the trial on August 30th, 2023.

Heather is 59 years old and grew up in a very very difficult childhood with a mentally ill mother, resulting in Heather and her siblings being removed from the home with Heather being placed in an orphanage at the age of 14. However, at 18 Heather, whose family background was Jewish, became involved with Campus Crusade for Christ. She developed very strong Christian beliefs, and she has lived her life consistently with those beliefs. She has attended some college.

She was essentially a stay at home mother, with some work history prior to the age of 39 when she acquired a bookstore by herself in the Fenton, Michigan area which she operated until shortly before the trial started in this case. She transferred ownership to a young lady without requiring any compensation to give that young lady the hope that she would be able to run that business and make it profitable. Heather did so beleving that she would likely be convicted in this case, and spend some time behind bars. In addition to her biological children, she and her husband adopted 10 children from the Ukraine. Some of those children have gone back to live in the Ukraine, and other places in Europe.

She has virtually no history of alcohol and drug use. She has been involved in the pro-life movement for many years, and has spent countless hours volunteering at Christian based pregnancy centers to help women struggling with their pregnancies. Eventually, Heather decided on her own that she would go to the abortion clinics on days when abortions of babies were scheduled to occur to see if

2

she could convince women to wait, consider alternatives, and to see if she could be of assistance to whatever needs they had. At the time the incident in this case occurred, she had no convictions on her record, but since October 2020 when these offenses occurred she was convicted of a township ordinance violation in Saginaw, Michigan, and just very recently, she was convicted of the same charges brought here in United States District Court in Nashville, Tennessee. All cases concern abortion clinics, including the trial involving again the same charges in the United States District Court in the Eastern District of Michigan scheduled to start on April 11.2024.

Whether one agrees with her or not, Heather Idoni had a reasonable basis for believing that since between six and eight weeks of pregnancy, when most abortions take place, the child has a heartbeat and brain waves, and is moving around. Science has convinced her as has her deeply held Christian beliefs that babies are killed in abortion clinics. She does not believe that she can be living up to what is expected of her by her religious beliefs without going to the clinic and seeing if she might be able to talk a mother out of the procedure. She is peaceful and nonviolent and has never committed any act of violence at the clinics, nor has she verbally abused anyone.

## II.  The Sentencing Guidelines and the Verdict Form

2H 1.1 is clearly the applicable guideline for the conspiracy conviction. The Author's comments indicate that this guideline and not 2X1.1 applies to a conspiracy here and this counsel believes that it is a close call to whether the base fence level is 10 or 12. 10 points for the use of force does not appear to apply. The conviction was a criminal agreement and it did not require any agreement to use force. Moreover, no evidence was presented to show any use or attempted use of force by Idoni. With regard to level 12 for two or more participants this was intended to apply where a defendant was convicted of actually depriving one of their civil rights through the use of assault, threats, intimidation, which are the three verbs describing the conduct that must have been agreed upon to violate the criminal statute. Since there had to be two or more participants for the crime to even occur, there would not be any reason for an enhancement simply because the minimum requirements of the statute we met. If neither enhancement applies, then the base offense level is six. In any event, it appears at that criminal history category is two for the points from the convictions obtained against Idoni after the October, 2020 incident defendant was convicted of in this case. Level 12 with Criminal History II is 12-18 months.

With regard to the Count II FACE Act conviction, we maintain that the defendant is facing a six-month maximum misdemeanor under Section 248 (b)(2)

because she had no prior FACE conviction at the time of the trial, and her involvement was only a nonviolent obstruction according to the evidence.

The special verdict form used by the court could have determined whether the sixth month or one year misdemeanor charges applied in this case. It was objected to by this counsel because the form did not correlate with the statute, but rather simply used the word "force". Since the statute used the phrase, "violent physical obstruction" then the verdict form should have done the same to properly satisfy the famous 2005 United States Supreme Court case of <u>Booker v United States</u>, which made the <u>Blakely</u> decision of the US Supreme Court applicable to the federal sentencing guidelines. The problem here is that the use of force can be violent or nonviolent. One uses force to prevent themselves from being arrested by a police officer, if they simply go limp and apply pressure and the opposite direction of where the officers attempting to take them. Force can be used in a friendly or happy way, and I can go on and on with examples. With the verdict form that was used we have no way of knowing whether the jury determined that there was a violent physical obstruction. Therefore, the six-month misdemeanor under Sec. 248 (b) (2) applies.

### III.  A Suggested Sentence

Despite believing in the righteousness of her cause, Heather, also knows that she must render to Caesar things that are Caesar's and to God, the things that are

God's since those are the words of her Lord. She therefore accepts any sentence this Court would choose after considering the arguments made in this sentencing memorandum. She has had a good life and has mostly been sacrificing herself in the service of her large number of children, those interested in books, and pregnant mothers who are in crisis and she has been helping a significant number of women just since she has been incarcerated with. Another federal judge will be imposing a sentence upon her, most likely after this Court's sentencing in May, 2024. She would like to get back to volunteering at crisis pregnancy centers while on supervised release. The guidelines suggest greater misconduct actually has been committed by Heather since she had no criminal history prior to this incident but yet she has two criminal history points, and because she never used any force against any person. No one testified they were prevented from getting through a door when Heather was standing by it. For all these reasons, we respectfully request that the Court sentence her to time served even if this sentence falls below the sentencing guideline range determined by this Court. She will abide by all terms of supervised release.

Dated:  April 29, 2024

Respectfully submitted,

/s/Robert J. Dunn, P33726
ROBERT J. DUNN
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that Defendant, Heather Idoni's Sentencing Memorandum and Certificate of Service was electronically filed on this date with the Clerk of the Court and all the parties of the case by Robert J. Dunn's office, Attorney for Defendant and mailed by 1st Class Mail to Heather Idoni.

DATED:  April 29, 2024                                    /s/CYNTHIA L. EIGNER_____
                                                                      CYNTHIA L. EIGNER
                                                                      Legal Assistant to Robert J. Dunn