**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 22-CR-96 (CKK)** |
| | : | |
| **HEATHER IDONI,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S REPLY TO**
**DEFENDANT IDONI'S SENTENCING MEMORANDUM**

The United States of America hereby replies to Defendant Idoni's Sentencing
Memorandum (ECF No. 566) ("Idoni's Mem.").

I.      **Introduction**

Idoni raises a few arguments in support of a "time-served" sentence.   First, she argues that
her history, background, and personal beliefs warrant her requested sentence.   *See* Idoni's Mem.
at 1-3.   Next, she argues that her Sentencing Guidelines were incorrectly calculated, which the
government understands to be an objection to the application of U.S.S.G. § 2H1.1(a)(2).   *Id*., at
4.   Last, Idoni makes a legal argument not appropriate at sentencing, challenging the jury's special
findings that Idoni violated the FACE Act by force and physical obstruction.   *Id*., at 5.   She
claims that this Court's special verdict form was incompatible with the statutory language of the
FACE Act.   *Id*., at 5.   Idoni argues that the special verdict "form did not correlate with the statute,
but rather simply used the word 'force' [rather than] 'violent physical obstruction,'" and because
there is "no way of knowing whether the jury determined there was a violent physical obstruction,"

1

Idoni should be sentenced to no more than six months imprisonment for her FACE Act conviction. *Id*., at 5.   All of Idoni's arguments should be rejected because they are not based in fact or the law.

## II.    Argument

   *A.  Idoni's personal history warrants a Guidelines prison sentence.*

As an initial matter, Idoni asks for a "time-served" sentence based upon her personal history and characteristics but failed to articulate how the Section 3553(a) factors would merit her requested sentence.   *See id*., at 1-3.   Rather, she seemingly argues that her history and personal beliefs justified her conduct at the Surgi-clinic (as charged in the indictment) and other abortion clinics she blockaded in Tennessee and Michigan.   *Id*., at 2-3, 6.   In arguing that "[s]he is peaceful and nonviolent and has never committed any act of violence at the clinics, or . . . verbally abused anyone," Idoni ignores the facts of the case and the jury's unanimous verdict in applying the law, which made her accountable for her co-defendants' conduct.   *See Pinkerton v. United States*, 320 U.S. 640, 646-47 (1946); *United States v. Khatallah*, 41 F.4th 608 (D.C. Cir. 2022) ("[A] conspirator can be found guilty of a substantive offense based upon acts of his coconspirator so long as the act was done in furtherance of the conspiracy, was within the scope of the unlawful project, and could be reasonably foreseen as a necessary or natural consequence of the unlawful agreement.").

The evidence at trial proved that Idoni and her co-defendants used force and physical obstructions to violate the FACE Act.   That conduct included a forceful entry into the Surgi-clinic, fighting with staff causing one nurse (Sara Compton) to suffer bodily injury, and using physical force against a patient (Shampy Holler) to keep her from getting up off the floor while she

2

experienced labor pains.   Idoni is legally responsible for her co-defendants' conduct regardless of how passive or aggressive Idoni was during the blockade.[1]

Idoni's history of blockading clinics further warrants a Guidelines prison sentence.   Idoni admits that her anti-abortion beliefs are what led her to blockade the Surgi-clinic here in Washington, D.C., as well as others in Tennessee and Michigan.   Idoni's Mem. at 3.   On two different occasions, both prior to and following the charged offenses, Idoni blockaded two separate Michigan abortion clinics.   Idoni has been charged with civil rights conspiracy and FACE Act offenses for those clinic blockades and is awaiting trial, which is set for August 6, 2024.   *See United States v. Zastrow*, et al., 23-cr-20100 (E.D.MI), ECF Nos. 1, 175.   Also, following the Surgi-clinic blockade, Idoni blockaded an abortion clinic in Tennessee, for which she was charged and convicted of civil rights conspiracy and FACE Act offenses, and awaits sentencing.   *See*

---

[1] Of course, Idoni did not have to personally perform all the actions necessary to establish this adjustment; based on Relevant Conduct, she is responsible for her co-conspirators' actions:

> A defendant is responsible for
>
> (B)      in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all acts and omissions of others that were—
>
> (i)      within the scope of the jointly undertaken criminal activity,
>
> (ii)     in furtherance of that criminal activity, and
>
> (iii)    reasonably foreseeable in connection with that criminal activity;
>
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense . . . .

U.S.S.G. § 1B1.3 (a)(1).

*United States v. Gallagher*, et al., 22-cr-327 (M.D.TN), ECF Nos. 3, 517.   Idoni's claim that her "religious beliefs" cause her to go to "clinic[s] [to] talk a mother out of the procedure" minimizes what she had in fact done at these clinics, which was to conspire against the reproductive health rights of patients and providers, and to blockade the facilities, both in violation of federal laws. *See* Idoni's Mem. at 3.   Idoni's argument that "[s]he is peaceful and nonviolent and has never committed any act of violence at the clinics, nor has she verbally abused anyone" is belied by the evidence presented at trial, her Tennessee convictions, and her pending Michigan charges.

Idoni's arguments for a "time served" sentence are baseless, and a high-end Guidelines prison sentence should be imposed.

> B. *The PSR correctly determined Idoni's Sentencing Guidelines for both counts of conviction.*

Idoni further argues that that her Sentencing Guidelines were incorrectly calculated.   *See* Idoni's Mem. at 4.   Idoni's argument appears to attack the Guidelines calculations for Count One, the Section 241 civil rights conspiracy conviction.   *Id*.   First, she seems to claim that U.S.S.G. § 2H1.1(a)(2) base offense level of 12 is inapplicable because it "was intended to apply where a defendant was convicted of actually depriving one of their civil rights," and where the offense involved "two ore more participants."   *Id*.   Without any support or argument, Idoni states that "because the minimum requirements of the statute" were not met, § 2H1.1(a)(4) applies, and her base offense level should be six.   *Id*.   Then, Idoni shifts position and seemingly concedes that her base offense level is 12.   *See id*. (arguing "it appears that criminal history category is two for the points from the convictions obtained against Idoni after the October, 2020 incident . . . . Level 12

with Criminal History II is 12-18 months").[2]

Regardless of any alternative calculations or objections Idoni raises concerning her Sentencing Guidelines, the PSR correctly calculated Idoni's adjusted base offense level.   *See* ECF No. 533 at ¶¶ 73-97 (PSR).   For the reasons articulated in the government's sentencing memorandum, this Court should reject Idoni's arguments and adopt the Guidelines calculations as determined in the PSR.   *See* ECF No. 549 at 11-12 (government's sentencing memorandum).

   *C.  Idoni's challenge to the jury's special verdict findings is inappropriate.*

Finally, Idoni argues that her sentence for Count Two - the misdemeanor FACE Act conviction - should be no more than six months imprisonment because her conduct amounted to a "nonviolent physical obstruction."   *Id*., at 5; *see also* 18 U.S.C. 248(b).   Idoni's challenge is not an appropriate sentencing argument.   This legal argument was addressed by the D.C. Circuit when Idoni and her co-defendants challenged this Court's finding that the FACE Act conviction was a crime of violence.   *See* Minute Order Aug. 29, 2023 ("the Court concludes that Defendants have been convicted of a crime of violence") (affirmed *United States v. Handy*, et al., 23-3143 per curiam order (D.C. Cir. 2023)).

Nevertheless, Idoni's claim that the special verdict form "did not correlate with the [FACE Act], leaving the question of whether Idoni's (and her co-defendants) use of force was violent or nonviolent" is flatly wrong.   *Id*.   Her argument that "[f]orce can be used in a friendly or happy way" ignores this Court's jury instruction defining force as "power and/or violence exerted upon or against a person or property," and the jury's verdict finding that Idoni used "force."   ECF Nos.

---

[2] Idoni further states that she should be sentenced under Criminal History category II, which conflicts with the PSR findings.

445 at 39 (Jury Instruction), 413 (Verdict Form).   Accordingly, Idoni's argument fails both procedurally and substantively.

**IV.     Conclusion**

Here, a sentence at the high-end of the Guidelines will achieve a sentence that reflects the Section 3553 sentencing factors.   In particular, such a sentence reflects the gravity of the offense (to include vindicating the rights of those whom Idoni victimized), the need for deterrence, and the absence of any mitigating factors.

Respectfully submitted,

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
*/s/ Sanjay H. Patel*
SANJAY H. PATEL
IL Bar. No. 6272840
Trial Attorney
Criminal Section, Civil Rights Division
Email: Sanjay.Patel@usdoj.gov

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052
*/s/ John Crabb Jr.*
JOHN CRABB JR.
NY Bar No. 2367670
REBECCA G. ROSS
NY Bar No. 5590666
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20001
John.D.Crabb@usdoj.gov
Rebecca.Ross2@usdoj.gov