UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                                  Case No. 1:22-cr-00096-7-CKK

LAUREN HANDY
JONATHAN DARNEL
JAY SMITH (AKA JUANITO PICHARDO)
PAULA "PAULETTE" HARLOW
JEAN MARSHALL
JOHN HINSHAW
HEATHER IDONI
WILLIAM GOODMAN and
JOAN BELL, and
HERB GERAGHTY

      Defendants.
_____/

## DEFENDANT, HEATHER IDONI'S REBUTTAL SENTENCING MEMORANDUM

I. **Overview of the Offenses and Heather Idoni's Alleged False Testimony**

    The Government first states on the bottom of page 3 of its Memorandum that the ten defendants discussed the plan for CLINIC blockade the night before the incident. My client described this meeting as more of a social event, and to make sure everyone knew that where they were going to stay. More importantly, there is not a shred of evidence that Idoni participated at any discussion regarding

planning, or what was to happen the next day. Caroline Davis testified at the trial and could not think of a single thing that she and Idoni discussed about what was to happen at the clinic, even though they made that long car ride together from Michigan.

All Idoni did to constitute a violation of the FACE ACT was to stand immediately in front of the hallway employee entrance, and she was only there during part of the time when everyone was in the building based on the video evidence. Despite the Government wanting the Court to believe that she testified falsely, she freely admitted that where she was standing and would not be able to enter or leave that entrance on, although she said while she was there, nobody tried to get through. One Government witness testified that she was near that entrance when she collapsed onto the floor and remained there for a while. Heather Idoni testified that she collapsed as soon as she stepped off the elevator, which was near that employee entrance.

Idoni testified that she told someone that the lady needed medical attention and should go to the hospital. It was not established at the trial whether it was only labor pains that the witness was experiencing.

As for the claim that Idoni "communicated with Handy in the weeks leading up to the blockade", there was no evidence at the trial that supports this. Idoni said she had one phone call and she did not recall from whom, although it could have

been Handy she said, inviting her to come to Washington DC where others were going to be at the abortion clinic. The Government produced no text messages or emails involving Idoni "communicating" about the clinic. The jury did not "reject her testimony" about the FACE ACT because she admitted violating as did this counsel in his closing argument. Idoni did not deny being at the meeting the night before. No evidence suggested anything other than that she made her own decision on what she was going to do at the clinic. The government in their memorandum even tries to bring in facts from the Tennessee case. She had no bags with chains or other items in her possession. This Court should not consider anything from the Tennessee case, which has not yet proceeded to sentencing.

It is true that Idoni did not admit that she made an agreement with anyone to either assault, oppress, or intimidate anyone at the clinic which is what she was convicted of doing. There was not a shred of evidence that Idoni made an agreement to do any of those three things as specified in the statute she was charged with, with anyone in particular, or with the group at large. Idoni was not convicted of a conspiracy to violate the FACE ACT which would strengthen the Government's argument. It is, nevertheless, the jury's prerogative to come back with the guilty verdict, but when there was no evidence that she made an agreement to assault, oppress or intimidate, her sentence should not be enhanced simply based upon the guilty verdict.

## II. Sentencing Guidelines Scoring

In their Sentencing Memorandum, the government fails to address any of the arguments this counsel made in his six objections to the Probation Department's recommended scoring of the guidelines. The Government has therefore waived any objection to the arguments this counsel has made and the authorities he cited and the Court should uphold those objections in the scoring by refiguring without the challenged enhancements.

## III. Section 3553(a) Sentencing Factors

Heather Idoni is not the evil person the Government attempts to make her out to be. Aside from her actions at abortion clinics, which have been a mixture of peaceful sidewalk counseling, exercise of first amendment rights and violations of the Face Act depending upon the occasion, her life has been extraordinarily good. She spends her whole life helping to take care of people in the United States and in the Ukraine.

This evil person the Government attempts to make her out to be simply has the same beliefs that half of the country does, that abortion is the taking of innocent human life both from a religious standpoint, and from a science standpoint. Those beliefs are quite reasonable and supported by facts. People can certainly disagree with her as has the Congress and President Clinton that enacted

the Face Act certainly did. That does not make her worthy of an upward departure or a top end of the sentencing guidelines score of 41 months .As Mr. Brownlow said in Oliver Twist, if that is the law then the law is an ass. For the lady who collapsed as soon as she stepped off the elevator, Heather's first reaction was telling someone that the woman needed to go to the hospital to be taken care of.

Heather has paid a heavy price already for this conviction. For sharing her food with another inmate she got 22 days in solitary confinement with constant lighting. Very recently she suffered a stroke. For all these reasons I believe that Heather Idoni should receive either a downward departure as recommended or the low end of the guidelines.

Dated: May 8, 2024

Respectfully submitted,

/s/ Robert J. Dunn, P33726
ROBERT J. DUNN, P33726
Attorney for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that Defendant, Heather Idoni's Rebuttal Sentencing Memorandum and Certificate of Service was electronically filed on this date with the Clerk of the Court and all the parties of the case by Robert J. Dunn's office, Attorney for Defendant and mailed by 1st Class Mail to Heather Idoni.

DATED: May 8, 2024

/s/CYNTHIA L. EIGNER
CYNTHIA L. EIGNER
Legal Assistant to Robert J. Dunn